IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HAMZAH ALI AHMED**                                                                      **MOVANT**

**v.**                                                                                                   **No. 1:06-CR-00118-GHD-DAS**

**UNITED STATES OF AMERICA**                                          **RESPONDENTS**

**MEMORANDUM OPINION DENYING MOVANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE WITH PREJUDICE AND DENYING SECOND MOTION FOR BOND PENDING RESOLUTION OF MOTION TO VACATE AS MOOT**

Presently before the Court is the Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [425], as well as his second motion for bond [444] pending the final disposition of his Section 2255 motion. Upon due consideration of the record and being fully advised in the premises, the Court finds that the Section 2255 motion to vacate [425] should be denied with prejudice as barred by the statute of limitations, and the second motion for bond [444] should be denied as moot.

*A. Factual and Procedural Background*

On August 24, 2006, the Movant was indicted on thirty-nine counts relating to distributing methamphetamine. On June 25, 2007, pursuant to a plea agreement, the Movant entered his plea of guilty to Count One of the indictment which charged conspiracy to aid and abet in the distribution of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). The Government agreed to dismiss all remaining counts of the indictment. On August 14, 2008, the Movant was sentenced to 138 months of imprisonment followed by a three-year term of supervised release. Judgment was entered in the case on August 21, 2008.

The Movant did not directly appeal his conviction or sentence. Instead, he filed the present Section 2255 motion to vacate, wherein he alleges ineffective assistance of counsel. The

1

Movant specifically argues that his attorney (1) coerced the Movant to plead guilty, resulting in an involuntary plea; (2) failed to adequately prepare for and represent the Movant during the sentencing hearing; (3) consistently made false promises to the Movant and his family regarding the outcome of his sentence; and (4) failed to instruct the Movant on how to seek relief from his sentence. The Government argues that (1) the Movant waived his right to appeal or collaterally attack his conviction and sentence in the plea agreement; (2) the motion is time-barred under the statute; and (3) the motion is without merit. The Court finds that the Section 2255 motion is time-barred under the statute and, accordingly, does not reach the Government's other arguments.

### B. *Statute of Limitations*

Section 2255 provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to Section 2255(f)(1), the Movant's conviction became final on September 1, 2008, when the then ten-day period for filing a notice of appeal following the judgment expired. *See* FED. R. APP. P. 4(b)(1) (amended on December 1, 2009 to change the time for filing a notice of appeal to fourteen days); *see also United States v. Plascencia*, 537 F.3d 385, 387 (5th Cir. 2008). Section 2255(f)(2)–(3) does not apply in this case, as the Movant does not allege that government action prevented him from filing his Section 2255 motion earlier, and the basis of the motion is alleged ineffective assistance of counsel—not a newly recognized right. With regard to Section 2255(f)(4), the facts supporting the Movant's ineffective assistance of counsel claim became known or could have become known through the exercise of due diligence when the Movant's conviction became final. Accordingly, the latest date from which the one-year period could run under Section 2255 is the date the conviction became final, September 1, 2008, and the latest date which the Movant could have timely filed his Section 2255 motion was September 1, 2009. The Movant did not file his Section 2255 petition until June 9, 2011— approximately two years and nine months after his conviction became final. Therefore, his Section 2255 petition is untimely unless equitable tolling applies.

## C. *Equitable Tolling*

The Movant argues that he is entitled to equitable tolling because he was misled by his attorney with respect to his plea and sentencing and with respect to the filing of the Section 2255 motion itself, and that these actions of his counsel warrant the equitable tolling of the statute of limitations.

Section 2255's one-year statute of limitations is not jurisdictional and thus is subject to equitable tolling in "rare and exceptional circumstances" when "strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 928, 930 (5th

Cir. 2000) (per curiam) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Andrade v. Odessa Police Dep't*, 472 F. App'x 323, 324 (5th Cir. 2012) (quoting *Wallace v. Kato*, 549 U.S. 384, 396, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)). A person seeking the benefit of equitable tolling "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (internal quotations marks and citation omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Patterson*, 211 F.3d at 930–31 (internal quotation marks and citations omitted).

The Sixth Amendment guarantees the accused the right to have the assistance of counsel for his defense in all criminal proceedings. U.S. CONST. amend VI. This right has been interpreted to include all stages of the proceeding, including the plea and sentencing. However, "a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)). Thus, any ineffective assistance of counsel claims pertaining to the filing of the Section 2255 motion, or any other motion seeking post-conviction relief, will not be considered with respect to equitable tolling, as those claims are "irrelevant to the tolling decision." *See id.*

Accordingly, this Court cabins its analysis to the Movant's claims for ineffective assistance of counsel during his criminal proceeding, including his plea and sentencing. A movant may be entitled to equitable tolling if he reasonably relied on misrepresentations made

by his counsel. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002); *see also Holland*, 130 S. Ct. at 2574, 177 L. Ed. 2d 130 (holding that requiring "proof of [the attorney's] bad faith, dishonesty, divided loyalty, mental impairment or so forth" in a Section 2255 petition presenting an attorney misconduct claim was too rigid a standard to impose for equitable tolling). However, "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Petty*, 530 F.3d at 366 (citing *Riggs*, 314 F.3d at 799). "[N]either a [litigant's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (internal citation omitted).

In the case *sub judice*, the Movant paints a picture of an attorney who promised a favorable outcome that never came. According to the Movant, his attorney made misrepresentations to the Movant and his family—first, that he would not be sentenced to incarceration at all, and then, following his sentencing, that he would be released immediately because his attorney had "a plan" and contacts with people who would get him released. *See* Sec. 2255 Mot. [425] at 3–4. The Movant attaches to his motion an affidavit of his daughter's testimony that her father "had trouble communicating" with his attorney due to a language barrier and that the attorney led them to believe that if the Movant signed a plea agreement and cooperated with the prosecution, "he would not face one day in jail." Ahmed Aff. [425] at 54. According to the Movant's daughter, although the Movant signed the plea agreement, he later told his family he did so against his will. *See id.* However, at his plea colloquy, through the aid of an interpreter, the Movant repeatedly informed the Court—even without being asked—that his attorney had explained the consequences of entering a guilty plea to him "in detail . . . more than ten times." *See, e.g.*, Plea Colloquy [425] at 15, 16. The Movant testified under oath that he

understood he was waiving his right to trial, where he would have been presumed innocent unless the Government met its burden of proving his guilt beyond a reasonable doubt and that he would have had an opportunity to cross-examine any witness brought against him; the Movant informed the Court that his attorney had "repeatedly explained" this to him. *See id.* at 16–17. The Movant further testified under oath that he understood that even if his sentence was more severe than he expected he would still be bound by the plea and have no right to withdraw his plea, *see id.* at 22; that no one had threatened him or forced him to plead guilty, *see id.*; and that his attorney had made no promises to him concerning his sentence, *see id.* at 28. Although the Movant now contends that his attorney gave him erroneous advice relating to his sentence, "reliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary. As long as the defendant understood the length of time he might possibly receive he was fully aware of his plea's consequences." *See United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993) (internal quotation marks and citation omitted). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as the [defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (internal quotation marks and citations omitted).

The Court finds that the Movant was given information on his maximum prison term and fine in several forms throughout the course of his proceeding, including (1) in the notice of penalties attached to his indictment, which the Movant acknowledged receiving; (2) in the first provision of the plea agreement he signed; (3) by his attorney, according to the Movant's testimony under oath; and (4) by the Court at the plea colloquy. The record indicates that

although the Movant is unhappy with the result of his criminal proceeding, he has not demonstrated the "rare and exceptional circumstances" that would warrant equitable tolling in this case. Because the Movant has failed to meet his burden with respect to equitable tolling, his motion to vacate should be denied as untimely.

*D. Conclusion*

For the foregoing reasons, the Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [425] is barred by the statute of limitations and is thus DENIED WITH PREJUDICE. His second motion for bail [444] pending the resolution of the Section 2255 motion is DENIED as moot.

A separate order in accordance with this opinion shall issue this day.

THIS, the 10th day of January, 2013.

_____
SENIOR JUDGE